**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**SUSAN B. LONG and DAVID BURNHAM,**

                              **Plaintiffs,**

                                                            **5:06-CV-1086**
        **vs.**                                             **(NAM/GHL)**

**UNITED STATES DEPARTMENT OF JUSTICE,**

                              **Defendant.**
_____

**APPEARANCES:**                              **OF COUNSEL:**

Ropes & Gray LLP                              William I. Sussman, Esq.
1211 Avenue of the Americas                   Thomas M. Susman, Esq.
New York, New York 10036-8704                 Tal Kedem, Esq.
_Attorneys for Plaintiff_

U.S. Department of Justice                    Kathryn L. Wyer, Esq
Civil Division
20 Massachusetts Avenue NW
P.O. Box 883 Ben Franklin Station
Washington, DC 20044

Richard Hartunian
United States Attorney
100 South Clinton Street
Syracuse, NY 13261-7198
_Attorney for Defendant_

**Hon. Norman A. Mordue, Chief Judge:**

## MEMORANDUM DECISION AND ORDER

## I.      INTRODUCTION

        Plaintiffs Susan B. Long and David Burnham brought this action pursuant to the Freedom

of Information Act ("FOIA"), 5 U.S.C. § 552, to challenge the response by defendant, the United

States Department of Justice ("DOJ"), to their FOIA requests for records from, or relating to, the

DOJ Civil Division's ("the Division") case management system database ("CASES"). Presently

before the Court is the DOJ's motion for reconsideration of the portion of the Court's prior

Memorandum Decision and Order which granted summary judgment to plaintiffs and directed

that the DOJ release the vaccine type and date of vaccine administration information as contained

in the CASES database. Plaintiffs oppose this motion.

## II.   BACKGROUND

### A.   Procedural History

Both parties previously moved for summary judgment. In a Memorandum Decision and

Order entered on March 25, 2010, the Court granted summary judgment for the DOJ in

connection with the adequacy of the DOJ's search, the DOJ's decision to withhold JCON IDs[1] as

exempt, the DOJ's decision to withhold attorney time reporting information as exempt, and the

DOJ's failure to indicate the redaction of sealed cases. The Court granted plaintiff's cross-motion

for summary judgment with respect to vaccine type and date of administration and directed

defendant to release the information in those fields. The Court otherwise denied the parties'

motions and directed further briefing and supplemental evidentiary submissions on the remaining

issues. Presently before the Court is the DOJ's motion pursuant to Rule 54(b) of the Federal

Rules of Civil Procedure for reconsideration of the Court's decision to grant plaintiffs' motion for

_____

[1]According to the DOJ, JCON IDs are "internal identification codes" that the Division uses "as a means of identifying employees" and "as login identification codes that allow access to the Division's network". Plaintiffs recently filed a letter request seeking reconsideration on the issue of JCON IDs in light of *Milner v. Department of the Navy*, No. 09-1163, -- U.S.--, 2011 WL 767699 (Mar. 7, 2011).

summary judgment with respect to the information in the  vaccine type and date of administration fields in the CASES database.[2]  Plaintiffs oppose the DOJ's motion for reconsideration.

### B.    Factual Background

Familiarity with the factual background in this case is assumed.  The Background section in the prior Memorandum Decision and Order summarizes the parties' submissions on summary judgment regarding: the Transactional Records Access Clearinghouse ("TRAC"), a data gathering, data-research and data-distribution organization plaintiffs founded at Syracuse University; CASES, the "current computerized case information system used for tracking basic data on filed civil cases as well as unfiled matters handled in the various litigating components (Branches and Sections) of the Civil Division" of the DOJ; the contents of plaintiff's FOIA request; and the parties' exchange of information in connection with the DOJ's attempt to fulfill plaintiff's FOIA request.  *See Memorandum Decision and Order*, Dkt. no. 43, pp. 2-8 (Mar. 25, 2010).

In his original declaration in support of the DOJ's motion for summary judgment, James Kovakas, the Attorney-In-Charge of the Freedom of Information and Privacy Acts Office of the Civil Division, DOJ, stated that he:

> withheld vaccine information under Exemption 6 to protect personal privacy of individuals in the type of vaccine administered and the date the vaccine was administered.  The names of the individuals who filed suit in the relevant vaccine litigation were already released in the form of case captions.  The individuals so identified are either the individual who received the vaccine or someone acting on that person's behalf, so disclosing the details of the vaccine that was administered would provide specific medical information about named individuals.

---

[2]The parties' renewed motions for summary judgment are also pending at present.  The Court will address them in a separate Memorandum Decision and Order.

Dkt. No. 26-4, ¶ 30.  The DOJ principally relied on 42 U.S.C. § 300aa-25[3] of the National

_____

[3]Section 300aa-25 provides:

(a) General rule
Each health care provider who administers a vaccine set forth in the Vaccine Injury Table to any person shall record, or ensure that there is recorded, in such person's permanent medical record (or in a permanent office log or file to which a legal representative shall have access upon request) with respect to each such vaccine--
(1) the date of administration of the vaccine,
(2) the vaccine manufacturer and lot number of the vaccine,
(3) the name and address and, if appropriate, the title of the health care provider administering the vaccine, and
(4) any other identifying information on the vaccine required pursuant to regulations promulgated by the Secretary.
(b) Reporting
(1) Each health care provider and vaccine manufacturer shall report to the Secretary--
(A) the occurrence of any event set forth in the Vaccine Injury Table, including the events set forth in section 300aa-14(b) of this title which occur within 7 days of the administration of any vaccine set forth in the Table or within such longer period as is specified in the Table or section,
(B) the occurrence of any contraindicating reaction to a vaccine which is specified in the manufacturer's package insert, and
(C) such other matters as the Secretary may by regulation require.
Reports of the matters referred to in subparagraphs (A) and (B) shall be made beginning 90 days after December 22, 1987. The Secretary shall publish in the Federal Register as soon as practicable after such date a notice of the reporting requirement.
(2) A report under paragraph (1) respecting a vaccine shall include the time periods after the administration of such vaccine within which vaccine-related illnesses, disabilities, injuries, or conditions, the symptoms and manifestations of such illnesses, disabilities, injuries, or conditions, or deaths occur, and the manufacturer and lot number of the vaccine.
(3) The Secretary shall issue the regulations referred to in paragraph (1)(C) within 180 days of December 22, 1987.
(c) Release of information
(1) Information which is in the possession of the Federal Government and State and local governments under this section and which may identify an individual shall not be made available under section 552 of Title 5 [FOIA], or otherwise, to any person except--
(A) the person who received the vaccine, or
(B) the legal representative of such person.
(2) For purposes of paragraph (1), the term "information which may identify an

Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 *et seq*., ("Vaccine Act"),[4] which governs the recording of vaccine administration and the reporting of adverse events and reactions related to vaccines by health care providers and vaccine manufacturers, in support of its decision to withhold this information from disclosure. The Court found, however, nothing in that provision justified the DOJ's decision to withhold the type of vaccine administered or the date of vaccination. Accordingly, the Court held that the DOJ failed to satisfy its burden of justifying the withholding of this information under Exemption 6, 5 U.S.C. § 552(b)(6), which protects from disclosure information implicating personal privacy interests.

In its present motion, the DOJ now argues that 42 U.S.C. § 300aa-25 is inapplicable to the information in the type of vaccine and date of administration fields in the CASES database. The DOJ avers that 42 U.S.C. § 300aa-12(d)(4)(A),[5] which governs the disclosure of information

---

individual" shall be limited to the name, street address, and telephone number of the person who received the vaccine and of that person's legal representative and the medical records of such person relating to the administration of the vaccine, and shall not include the locality and State of vaccine administration, the name of the health care provider who administered the vaccine, the date of the vaccination, or information concerning any reported illness, disability, injury, or condition resulting from the administration of the vaccine, any symptom or manifestation of such illness, disability, injury, or condition, or death resulting from the administration of the vaccine.

(3) Except as provided in paragraph (1), all information reported under this section shall be available to the public.

42 U.S.C. § 300aa-25.

[4]*See generally Bruesewitz v. Wyeth LLC*, --U.S. --, 131 S.Ct. 1068 (2011) ("To stabilize the vaccine market and facilitate compensation, Congress enacted the [Vaccine Act] in 1986. The Act establishes a no-fault compensation program 'designed to work faster and with greater ease than the civil tort system.'") (quoting *Shalala v. Whitecotton*, 514 U.S. 268, 269 (1995)).

[5]Section 300aa-12(d)(4)(A) provides that "information submitted to a special master or the court in a proceeding on a petition may not be disclosed to a person who is not a party to the

submitted to the United States Court of Federal Claims in connection with a petition filed under the National Vaccine Injury Compensation Program (VICP")), is the relevant statutory provision. Accordingly, the DOJ asserts, it properly withheld the information under Exemption 3, 5 U.S.C. § 552(b)(3), because § 300aa-12(d)(4)(A) prohibits disclosure.  The DOJ further argues that, in any event, under Exemption 6, the privacy interests of the individuals connected with this information outweighs the public's need for it.  Plaintiffs oppose this motion.

For the reasons set forth below, the Court finds that 42 U.S.C. § 300aa-25 is inapplicable. Thus, reconsideration is warranted to correct a legal error and prevent the manifest injustice resulting from the of disclosure of private individuals' personal information based upon reliance on the incorrect statutory provision.  Accordingly, the DOJ's motion is granted and the Court will reconsider the DOJ's motion for summary judgment regarding the information in the vaccine type and date of vaccine administration fields in the CASES database.

### III.    EVIDENCE ON THE MOTION FOR RECONSIDERATION

#### A.    DOJ

In support of its motion for reconsideration, the DOJ submitted declarations by Kovakas and David E. Benor, the Associate General Counsel for Public Health, Office of the General Counsel, Department of Health and Human Services ("HHS").  Kovakas states:

> After reviewing the Court's Order, my office contacted a member of the Vaccine Litigation unit in the Civil Division in order to inquire whether that unit had any concern with respect to the Court's ruling.  The Vaccine Litigation unit, in turn, contacted the Office of General Counsel in the Department of Health and Human

proceeding without the express written consent of the person who submitted the information." 42 U.S.C. § 300aa-12(d)(4)(A).

Services ("HHS").  After HHS reviewed the Court's decision, I was alerted to the fact that HHS was concerned that the Court had erroneously cited 42 U.S.C. § 300aa-25 as governing the disclosure of information in the CASES database, when that statute had no connection to the litigation carried out pursuant to the VICP, as established by 42 U.S.C. §§ 300aa-10 to -17 as part of the . . .Vaccine Act . . . 42 U.S.C. §§ 300aa-1 et seq.  I was informed that, to the contrary, § 300aa-25 applies only to reports submitted through the national vaccine injury reporting system, which has nothing to do with litigation, the Civil Division, or the CASES database.  I was also alerted to the fact that HHS has identified one subsection of the provision that governs judicial proceedings under the VICP, 42 U.S.C. § 300aa-12(d)(4), as a statute that qualifies as an exemption statute for purposes of FOIA's Exemption 3.

After being made aware of HHS's position, as well as of the relevant statutory framework, I reviewed the statutes in question and consulted with Vaccine Litigation unit personnel.  I concluded that the "vaccine type" and "date of administration" fields in CASES must be withheld under Exemption 3 because 42 U.S.C. § 300aa-12(d)(4) prohibits the disclosure of this information without the written consent of the petitioner filing a case in the Court of Federal Claims. . . .

The relevant CASES database entries are part of the Civil Division's electronic litigation tracking database.  The "vaccine type" and "date of administration" fields occur in the ZVACCINECD table.  This table is part of the Vaccine Litigation module, which tracks cases handled by the Civil Division's Vaccine Litigation unit.  The information in the "vaccine type" and "date of administration" fields is taken directly from a petitioner's submissions to a special master or the Court of Federal Claims in VICP proceeding. . . .

. . . they are also exempt under Exemption 6 because this information qualifies as confidential medical information about identified individuals, and its disclosure would constitute a clearly unwarranted invasion of privacy.

Dkt. No. 44-4, ¶¶ 4-5, 7-8.

According to Benor,

the CASES database contains information regarding cases filed under the VICP which are litigated by the [DOJ] on behalf of the Secretary of [HHS]. . . .

. . .

As a result of the confidentiality provision [contained in § 300aa-12(d)(4)], identifiable information regarding VICP cases is exempt from disclosure under the FOIA, with the exception of the statutorily mandated Federal Register notice that contains only a list of petitions filed.  See section 300aa-12(b)(2).  That list includes

only petitioners' names, their city and State, and the claim number assigned by the Court of Federal Claims.  Other than this limited information publicly released in the Federal Register, release of any medical or other private information that a VICP petitioner submits to a special master or the Court of Federal Claims, including the relevant vaccine and the date of administration, would result in a disclosure of confidential information, in violation of the statute.  See section 300aa-12(d)(4)(A). In addition, if the released information could be linked with the information in the Federal Register notice, or could otherwise be linked to specific petitioner, such that additional submitted information were revealed, this would also violate the statute because it would constitute an additional prohibited disclosure. . . .

. . .

. . . section 300aa-25 . . . relates to an important arm of the Department-wide vaccine safety reporting system known as the Vaccine Adverse Events Reporting System (VAERS).  VAERS is a national vaccine safety surveillance program co-sponsored by two components of HHS, the Centers for Disease Control and Prevention (CDC) and the Food and Drug Administration (FDA).  VAERS is a post-marketing safety surveillance program, collecting information about possible side effects that occur after the administration of vaccines licensed for use in the United States . . . . Individuals for whom VAERS reports have been filed may or may not have cases filed in the VICP, but there is no connection between VICP litigation and VAERS reports.  Because the CASES database tracks VICP litigation, what gets reported to VAERS, and what may be disclosed from VAERS, would not be relevant to CASES.

Dkt. No. 44-3, ¶¶ 3, 5, 7.

### B.   Plaintiffs

In response, plaintiffs submitted a declaration by plaintiff Susan Long and a declaration by Paul Lang, Managing Clerk in plaintiffs' attorneys' law office.  In her declaration, Long describes the Vaccine Act, the increase in the number of petitions filed pursuant to the VICP, and defendant's budget for handling such cases.  Long asserts that the "public can only test [the DOJ's] vaccine-case related budget requests if it knows the vaccine type at issue in each of the cases [the DOJ] handles."  Long further asserts that "[o]f the vaccine petitions filed, there is a wide variance in the percentages of those cases where the underlying injury is compensated,

8

based on the type of vaccine, that merits public inquiry into [the DOJ's] handling of cases involving different vaccine type to assess what explains these differential results."

Lang states that he spoke with clerk's office personnel at the Court of Federal Claims. According to Lang, the clerk's office employee told him that "petitions filed under the Vaccine Injury Compensation Program are accompanied by a cover sheet" that petitioners must complete. The cover sheet contains fields requiring the petitioner to provide the vaccine type and the date of vaccination. Lang further states that the clerk's office employee advised him "that the date of vaccination is included in the Docket Text accompanying the filing of the petition as part of the routine entry of information into the ECF system by the Clerk's Office." Lang avers that he reviewed the docket sheets in five vaccine cases, all of which "were readily available to me as a member of the public", and that each docket sheet contained the type of vaccine and the vaccination date.

## IV.    Motion for Reconsideration

### A.    Standard

To warrant reconsideration, a party must show an intervening change in controlling law, the availability of previously unavailable evidence, or the need to correct a clear error of law or prevent manifest injustice, *see Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983).

In its moving papers, the DOJ refers to *Associated Press v. United States Dep't of Defense*, 554 F.3d 274 (2d Cir. 2009) as an intervening change in controlling law. The Second Circuit, however, decided *Associated Press* before the Court issued its Memorandum Decision

and Order and plaintiffs cited the decision in their motion papers.  Thus, *Associated Press* does not provide a basis for reconsideration.

The Kovakas and Benor declarations the DOJ submitted in support of the instant motion identify the provenance of the information contained in the "vaccine type" and "date of administration" fields in the CASES database as the petitions filed with the Court of Federal Claims under the VICP.  The declaration by Kovakas that the DOJ submitted in support of its initial summary judgment motion was vague and did not identify the source of the vaccine type and date of administration information in the CASES database.  Moreover, the evidence the DOJ previously submitted, including the CASES "data dictionary", references the Court of Federal Claims in connection with the vaccine information in the CASES database generally but nowhere specified the source of the information in the vaccine type and date of administration fields.  In his most recent declaration, Kovakas now explains that "[t]he information in the 'vaccine type' and 'date of administration' fields is taken directly from a petitioner's submissions to a special master of the Court of Federal Claims".  The DOJ does not argue that this evidence was previously unavailable and does not explain why it was not included with its initial motion for summary judgment.

Notwithstanding the above, the DOJ contends that because the information at issue is taken directly from petitions filed with the Court of Federal Claims, 42 U.S.C. § 300aa-12(d)(4)(A), not § 300aa-25, applies and specifically exempts from disclosure the information in the "vaccine type" and "date of administration" fields.  Thus, the DOJ asserts, reconsideration is warranted to correct a clear error of law.  In opposition plaintiffs argue that reconsideration is

10

unnecessary because even if applicable, § 300aa-12(d)(4) does not bar the release of "vaccine type" or "date of administration".

**B.      42 U.S.C. §§ 300aa-12(d)(4)(A) and § 300aa-25**

In this case, whether § 300aa-12(d)(4)(A) or § 300aa-25 applies depends on the source of the information in the VACCINE_CODE ("vaccine type") and DATE_ADMINISTERED ("date of [vaccine] administration") fields.  Section 300aa-25 governs the recording and reporting of information by health care providers administering vaccines and vaccine manufacturers. Specifically, it requires "[e]ach health care provider who administers a vaccine . . . to any person" to record, *inter alia*, the date of administration and the vaccine manufacturer and lot number of the vaccine "in such person's permanent medical record".  42 U.S.C. § 300aa-25(a).  It also requires each health care provider and vaccine manufacturer to report to HHS "the occurrence of any event set forth in the Vaccine Injury Table" and any "contraindicating reaction to a vaccine". *Id*. § 300aa-25(b).  As discussed in the Court's prior Memorandum Decision and Order, § 300aa-25 also contains a provision allowing the release of information "which is in the possession of the Federal Government . . . under this section . . . " but prohibiting the disclosure of any identifying information.  *Id*. at § 300aa-25(c).

Section 300aa-12 is entitled "Court Jurisdiction" and contains rules regarding proceedings brought in the United States Court of Federal Claims through the filing of a petition by an individual, against the Secretary of HHS, seeking compensation under the VICP for a vaccine-related injury or death.  42 U.S.C. § 300aa-12.  It also contains a provision prohibiting the disclosure of information submitted to the Court of Federal Claims "in a proceeding on a petition

. . . to a person who is not a party to the proceeding without the express written consent of the person who submitted the information."  42 U.S.C. § 300aa-12(d)(4)(A).

In their declarations in support of the DOJ's motion for reconsideration, Kovakas and Benor aver that the vaccine type and date of administration fields contain information directly taken from petitions filed in the Court of Federal Claims pursuant to the VICP, 42 U.S.C. §§ 300aa-10 to-17.  As stated above, the DOJ has not explained why it failed to provide this critical fact in its initial motion for summary judgment.  Nonetheless, since the information in the fields at issue is derived from petitions filed in the Court of Federal Claims, not from reports by health care providers and vaccine manufacturers, § 300aa-25 is inapplicable.  Thus, reconsideration is warranted in order to avoid the manifest injustice that would result from the disclosure of personal medical information of individuals who are not parties to this action as a result of factual and, consequently, legal error.  Accordingly, defendant's motion for reconsideration is granted.

## V.    SUMMARY JUDGMENT

### A.    Standard

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c).  Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit under the governing law.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 258 (1986). Irrelevant or unnecessary facts do not preclude summary judgment, even when they are in dispute.  *See id*.  The moving party bears the initial burden of establishing that there is no genuine issue of material fact to be decided.  *See Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986).  With respect to any issue on which the moving party does not bear the burden of proof, it may meet its

burden on summary judgment by showing that there is an absence of evidence to support the nonmoving party's case.  *See id*. at 325.  Once the movant meets this initial burden, the nonmoving party must demonstrate that there is a genuine unresolved issue for trial.  *See* Fed. R. Civ. P. 56(e).  A trial court must resolve all ambiguities and draw all inferences in favor of that party against whom summary judgment is sought, *see Ramseur v. Chase Manhattan Bank*, 865 F.2d 460, 465 (2d Cir. 1989); *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 249 (2d Cir. 1985).

"FOIA strongly favors a policy of disclosure and requires the government to disclose its records unless its documents fall within one of the specific, enumerated exemptions set forth in the Act."  *National Council of La Raza v. Department of Justice*, 411 F.3d 350, 356 (2d Cir. 2005) (citing 5 U.S.C. § 552(a)(3), (b)(1)-(9)).  Courts construe these exemptions narrowly, resolving all doubts "in favor of disclosure".  *Local 3, Int'l Bhd. of Elec. Workers v. NLRB*, 845 F.2d 1177, 1180 (2d Cir.1988).  The government bears the burden of showing "that any claimed exemption applies."  *National Council of La Raza*, 411 F.3d at 356.  Courts review the government's decision to withhold or redact information *de novo*.  5 U.S.C. § 552(a)(4)(B).

The Second Circuit has described the procedure for resolving motions for summary judgment in FOIA cases as follows:

> In order to prevail on a motion for summary judgment in a FOIA case, the defending agency has the burden of showing that its search was adequate and that any withheld documents fall within an exemption to the FOIA. Affidavits or declarations supplying facts indicating that the agency has conducted a thorough search and giving reasonably detailed explanations why any withheld documents fall within an exemption are sufficient to sustain the agency's burden. Affidavits submitted by an agency are accorded a presumption of good faith; accordingly, discovery relating to the agency's search and the exemptions it claims for withholding records generally is unnecessary if the agency's submissions are adequate on their face. When this is the

case, the district court may forgo discovery and award summary judgment on the basis of affidavits.

In order to justify discovery once the agency has satisfied its burden, the plaintiff must make a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations, or provide some tangible evidence that an exemption claimed by the agency should not apply or summary judgment is otherwise inappropriate.

*Carney v. United States Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994) (citations, internal footnote, and quotation marks omitted).

### B.      Exemption 3

The DOJ argues that it properly withheld the information in the vaccine type and date of administration fields under Exemption 3 because § 300aa-12(d)(4)(A) prohibits the disclosure of this information.  Exemption 3 applies to records "specifically exempted from disclosure by statute," provided that the statute "requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue." 5 U.S.C. § 552(b)(3).  As the district court in *Wilner v. National Sec. Agency*, No. 07 Civ. 3883, 2008 WL 2567765, at *4 (S.D.N.Y. Jun. 25, 2008), explained:

[T]he Supreme Court [has] adopted a two-pronged approach to evaluating an agency's invocation of FOIA Exemption 3: First, the court must consider whether the statute identified by the agency is a statute of exemption as contemplated by Exemption 3. Second, the court must consider whether the withheld material satisfies the criteria of the exemption statute.

*Id.* (citing *CIA v. Sims*, 471 U.S. 159 (1985)).

14

Section 300aa-12(d)(4)(A) states: "Except as provided in subparagraph (B),[6] information submitted to a special master of the court in a proceeding on a petition may not be disclosed to a person who is not a party to the proceeding without the express written consent of the person who submitted the information."

Plaintiffs argue that the meaning of the word "information" as it is used in § 300aa-12(d)(4) "cannot possibly" be so broad as to encompass the vaccine type and date of administration because these facts are "disclosed publicly in the Court of Federal Claims docket sheets." Thus, they argue, defendant may not invoke Exemption 3.

The Second Circuit has instructed as follows:

As is always the case with statutory interpretation, our first task is "to determine whether the language at issue has a plain and unambiguous meaning." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997).   A particular statute's "plain meaning can best be understood by looking to the statutory scheme as a whole," *United States v. Gayle*, 342 F.3d 89, 93 (2d Cir. 2003), and "[t]he meaning of a particular section in a statute [should] be understood in context ... by appreciating how sections relate to one another," *Auburn Hous. Auth. v. Martinez*, 277 F.3d 138, 144 (2d Cir. 2002). "In other words, the preferred meaning of a statutory provision is one that is consonant with the rest of the statute."   *Id*. If in taking the

_____

[6]Subparagraph (B) governs the disclosure of a decision of a special master or the court and specifies that it:

shall be disclosed, except that if the decision is to include information -
    (i) which is trade secret of commercial or financial information
    which is privileged and confidential, or
    (ii) which are medical files and similar files the disclosure of
    which would constitute a clearly unwarranted invasion of privacy,
and if the person who submitted such information objects to the inclusion of such
information in the decision, the decision shall be disclosed without such
information.

42 U.S.C. § 300aa-12(d)(4)(B).  There is no indication that the information in the fields at issue is derived from such a decision.

entire statute as a whole its plain meaning can be ascertained, "[o]ur inquiry must cease." *Robinson*, 519 U.S. at 340, 117 S.Ct. 843.

*United States v. Fuller*, 627 F.3d 499, 504 (2d Cir. 2010).

The word "information" is used multiple times in 42 U.S.C. §§ 300aa-1 through -34 and is not defined. The ordinary definition of "information" includes the following: "knowledge communicated or received concerning a particular fact or circumstance; news: information concerning a crime" and "knowledge gained through study, communication, research, instruction, etc.; factual data". THE AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE (4th ed. 2006). In the sections that relate to the handling and litigation of petitions filed in the Court of Federal Claims, the statute specifies three instances when information may be disclosed.

First, pursuant to § 300aa-12(b)(2): "Within 30 days after the Secretary receives service of any petition filed under section 300aa-11 of this title the Secretary shall publish notice of such petition in the Federal Register." 42 U.S.C. § 300aa-12(b)(2). The notice in the Federal Register includes the petitioner's name, city, and state, and the Court of Federal Claims docket number. The notice also denotes those petitioners who are deceased. *See e.g.*, *Notice of Petitions*, 74 Fed. Reg. 66983-01 (Dec. 17, 2009).

Second, § 300aa-12(d)(4)(A), the provision at issue, allows for disclosure of "information" submitted to a special master or the court in a proceeding on a petition when the person who submitted the information provides "express written consent".

Third, § 300aa-12(d)(4)(B) states that "[a] decision of a special master or the court in a proceeding shall be disclosed" unless it contains "information":

> (i) which is trade secret or commercial or financial information which is privileged and confidential, or

> (ii) which are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy,
> and if the person who submitted such information objects to the inclusion of such information in the decision, the decision shall be disclosed without such information.

42 U.S.C. § 300aa-12(d)(4)(B).

In support of their argument that vaccine type and date of administration fall outside of the definition of "information submitted to a special master or the court in a proceeding on petition", plaintiffs point out that the petitioners' names and notice of their petitions are published in the Federal Register without any indication that express consent was obtained.   However, as discussed, § 300aa-12(b) requires HHS to publish notice of new petitions.  In view of the statutory requirement that notice of these petitions be published, it would be inconsistent to include a petitioner's name within the meaning of "information" in § 300aa-12(d)(4)(A), or to require express consent prior to publication.

Plaintiffs further assert that the Court of Federal Claims routinely discloses the vaccine type and date of administration specified in a petition on its docket sheets.  In support of their assertion, plaintiffs have submitted copies of five docket sheets and a declaration by Paul Lang, their law firm's managing clerk, regarding procedures in the Court of Federal Claims.  This is evidence, plaintiffs argue, that "information" as it is used in § 300aa-12(d)(4)(A) does not include vaccine type and date of administration.

In his declaration, Mr. Lang summarizes conversations he had with unidentified Court of Federal Claims clerk's office personnel who advised him that the vaccine type and date of vaccination are included on the docket sheets of all Vaccine Act cases. These portions of  Mr. Lang's declaration, however, contain inadmissible hearsay and are therefore insufficient for purposes of summary judgment.  Moreover, none of the Court of Federal Claims's General

Orders or Guidelines specifically indicate whether vaccine type and date of administration are included on the publicly available docket sheets.

According to III.3.(a) of Amended General Order No. 13, *Procedure for Electronic Case Filing In Vaccine Act Cases*, documents electronically filed in a Vaccine Act case are available only to court personnel and counsel of record in a case, but "[t]he docket sheet in the case . . . is publicly available."  http://www.uscfc.uscourts.gov/sites/default/files/ 08.10.20%20Signed%20OSM%20General%20Order%2013.pdf (last visited Feb. 9, 2011). Section II.C. of the "Guidelines for Practice under the National Vaccine Injury Compensation Program" established by The Office Special Masters, United States Court of Federal Claims, states that "each [Vaccine Act] petition must be accompanied by a U.S. Court of Federal Claims 'Cover Sheet.'"   The Cover Sheet directs the attorney filing the petition to select a "Nature of Suit Code" from a series of three digit codes numbering 449 to 499 which specify "Injury" or "Death" and the type of vaccine at issue, *see e.g.*, *Form 2 Cover Sheet In The United States Court of Federal Claims*, http://www.uscfc.uscourts.gov/sites/default/files/Form_2_Cover_Sheet_ Nature-of-Suit_Codes_Agency_Codes.pdf (last visited Feb. 9, 2011) ("449 Injury - Hepatitis A" and "499 Death- Human Papillomarvirus").  Although the above referenced Guidelines advise that "[t]he cover sheet is used to input data into the court's main computer", there is no indication whether that data will also appear on the case's docket sheet.  Thus, the Court cannot conclude that the type of vaccine and date of administration are always included on a case's docket sheet and declines to find that such facts are excluded from §300aa-12(d)(4)(A)'s definition of "information" submitted to a special master or the court in a proceeding.

Finally, interpreting "information" as it is used in § 300aa-12(d)(4)(A) to include vaccine type and date of administration, but not a petitioner's name and the docket number, is, contrary to plaintiffs's argument, consistent with § 300aa-25. Section 300aa-25 allows the disclosure of vaccine type and date of administration but precludes disclosure of "information which may identify an individual" including "the name, street address, and telephone number of the person who received the vaccine". 42 U.S.C. § 300aa-25(c)(1) and (2). Thus, both § 300aa-12(d)(4)(A) and § 300aa-25 guard against the public disclosure of medical information that is linked to identified individuals.

Having concluded that vaccine type and date of administration fall within the definition of information submitted to a special master and which cannot be disclosed without express permission, the Court must consider whether § 300aa-12(d)(4)(A) is a "statute of exemption as contemplated by Exemption 3". *Wilner v. National Sec. Agency*, 2008 WL 2567765, at *4.

To determine whether the statute is a withholding statute, the court must decide "whether it satisfies 'the threshold requirement that it specifically exempt matters from disclosure.'" *Public Citizen, Inc. v. Rubber Manufacturer's Ass'n*, 533 F.3d 810 (D.C.Cir. 2008) (quoting *Reporters Comm. for Freedom of the Press v. United States Dep't of Justice*, 816 F.2d 730, 734 (D.C.Cir. 1987) (emphasis added), *rev'd on other grounds*, 489 U.S. 749 (1989)). Section 300aa-12(d)(4)(A) unequivocally states that information submitted to a special master or the court may not be disclosed to a nonparty without the written consent of the person who submitted the information. Thus, plaintiffs are not entitled to receive the vaccine type and date of administration information submitted to a special master or the court in a proceeding on a petition under the Vaccine Act without the written consent of the individual who submitted that

information.  Plaintiffs do not assert that they have obtained consent.  Thus, this information is exempt from disclosure under Exemption 3.

### C.    EXEMPTION 6

Even if Exemption 3 were inapplicable, the information at issue would be exempt under Exemption 6, which protects from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy."  5 U.S.C. § 552(b)(6) (2006) (emphasis added).  "Exemption 6 is intended to 'protect individuals from the injury and embarrassment that can result from the unnecessary disclosure of personal information.'"  *Wood v. FBI*, 432 F.3d 78, 86 (2d Cir. 2005) (quoting *United States Dep't of State v. Washington Post Co.*, 456 U.S. 595, 599 (1982)).  To determine whether the DOJ properly withheld vaccine type and date of administration information under Exemption 6, the Court must: (1) "determine whether the personal information is contained in a file similar to a medical or personnel file", that is "whether the records at issue are likely to contain the type of personal information that would be in a medical or personnel file"; and (2) "balance the public's need for the information against the individual's privacy interest to determine whether the disclosure of the names would constitute a 'clearly unwarranted invasion of personal privacy.'"  *Id*. (quoting 5 U.S.C. § 552(b)(6)).  The Second Circuit has explained:

> The determination of whether Exemption 6 applies requires balancing an individual's right to privacy against the preservation of FOIA's basic purpose of opening agency action to the light of public scrutiny.  "Only where a privacy interest is implicated does the public interest for which the information will serve become relevant and require a balancing of the competing interests."  As explained above, "FOIA requires only a measurable interest in privacy to trigger the application of the disclosure balancing tests."  "An invasion of more than a *de minimis* privacy interest protected by Exemption 6 must be shown to be 'clearly unwarranted' in order to prevail over the public interest in disclosure."

20

*Associated Press v. United States Dep't of Defense*, 554 F.3d 274, 291 (2d Cir. 2009) (internal

citations omitted) (quoting *United States Dep't of Defense v. Federal Labor Relations Auth.*, 510

U.S. 487, 509-10( 1994)).

The information at issue is the vaccine type and date of administration from petitions filed

by individuals, or their legal representatives, against HHS, with the Court of Federal Claims

alleging injury or death as a result of a vaccination.  Since this is information from an individual's

medical file, it is personal information.

Next, the Court must determine whether "more than a *de minimis* privacy interest is

implicated."  *Federal Labor Relations Auth. v. United States Dep't of Veterans Affairs*, 958 F.2d

503, 510 (2d Cir. 1992). "[T]he notion of privacy 'encompasses the individual's control of

information concerning his or her person,' and ... even though 'an event is not wholly 'private'

[it] does not mean that an individual has no interest in limiting disclosure or dissemination of the

information.'" *Id.* (quoting *Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489

U.S. 749, 763 (1989)). "Release of information turns therefore on the nature of the document and

its relationship to FOIA's purpose of exposing agency action to public scrutiny." *Id.*

In the case at bar, according to Kovakas and Benor, the records in the CASES database are

organized so that each field can be linked to the relevant docket number and case caption, which

have already been released publicly.  According to the data dictionary appended to Morgan

Arvaneh's Declaration, the ZVACCINE table includes a field containing the Court of Federal

Claims's docket number for each case.  The docket number provides the link necessary to identify

the individual to whom the vaccine type and date of administration information belongs.  Since

the information in the vaccine type and date of administration fields is linked to the relevant

21

docket number, this is not a case where the medical information is from individuals whose identities are unknown. *See United States Dep't of State v. Ray*, 502 U.S. 164, 176 (1991) ("disclosure of . . . . personal information constitutes only a *de minimis* invasion of privacy when the identities . . . are unknown, the invasion of privacy becomes significant when the personal information is linked to particular" individuals).  Thus, the Court finds there is a measurable privacy interest at stake.[7]

Although the medical information at issue satisfies the first step of the Exemption 6 inquiry, it may be withheld only if the disclosure would result in a "clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).  "To make this determination, a court must balance the public's interest in disclosure against the individuals' privacy interests."  *Wood*, 432 F.3d at 87.  In *Wood*, the Second Circuit explained that "[t]he privacy side of the balancing test is broad and "encompasses all interests involving 'the individual's control of information concerning his or her person.'"  *Id*. at 88 (quoting *Hopkins v. United States Dep't of Hous. & Urban Dev.*, 929 F.2d 81, 87 (2d Cir. 1991) (internal quotation marks omitted)).  "On the other side of the balance, the relevant interest is 'the extent to which disclosure of the information sought would she [d] light on an agency's performance of its statutory duties or otherwise let citizens know what their government is up to.'"  *Id*. (quoting *Bibles v. Oregon Natural Desert Ass'n*, 519 U.S. 355, 355-56 (1997) (internal citation and quotation marks omitted)).

---

[7]Even assuming, as plaintiffs assert that vaccine type and date of administration are available on Court of Federal Claims's docket sheets, the individuals still retain a privacy interest in their medical information.  *See Reporters Comm.*, 489 U.S. at 767 (recognizing "the privacy interest inherent in the nondisclosure of certain information even where the information may have been at one time public.").

Plaintiffs contend that disclosure of the vaccine type and date of administration will shed light on the DOJ's handling of petitions brought under the Vaccine Act.  Plaintiffs assert that autism cases account for approximately 85 percent of the DOJ's VICP caseload, and that the DOJ's budget for handling VICP petitions has nearly doubled since 2003.  Thus, plaintiffs assert, "there is a significant public interest in scrutinizing [the DOJ's] handling of autism-related claims, and of cases involving other specific vaccines.  That cannot be accomplished without disclosure of the vaccine type."  Release of the vaccine type and date of administration, however, would not shed light on the DOJ's handling of autism cases because such information would not indicate whether the petition from which it came contained an "autism-related claim."

Plaintiffs also assert that disclosure of the date of administration will help the public "understand [the DOJ's] expenditure of resources depending on the manner in which causation is established", when, for example, the alleged injury did not occur within the time period after the date of vaccination specified in 42 U.S.C. § 300aa-11(c)(1)(C)(I) and a petitioner must independently prove that the vaccine was the cause in fact of the injury."  The information plaintiffs seek, however, may well be available in the publicly disclosed decisions by Court of Federal Claims special masters.  Further, if this information is, as plaintiffs assert, on the publicly available docket sheet corresponding to each Vaccine Act petition filed with the Court of Federal Claims, they already have access to it.  Thus, the Court finds that the disclosure of a list of the vaccine type and date of administration would not shed any light on conduct by the DOJ or HHS.

The public interest in the DOJ's handling of Vaccine Act petitions is adequately served by the disclosure of the redacted information already provided in the CASES database as well as the information to which plaintiffs purportedly have access.  Having balanced the privacy interests of

the individuals to whom this information belongs against the non-existent public interest, the Court finds disclosure clearly unwarranted.  Accordingly, the DOJ's motion for summary judgment is granted and plaintiffs' cross-motion for summary judgment is denied.

**VI.      CONCLUSION**

For the foregoing reasons it is hereby

**ORDERED** that defendant's motion for reconsideration is **GRANTED**; and it is further

**ORDERED** that the portion of the Court's prior Memorandum Decision and Order denying defendant's motion for summary judgment and granting plaintiffs' motion for summary judgment regarding vaccine type and date of administration is **VACATED**; and it further

**ORDERED** that defendant's motion for summary judgment regarding vaccine type and date of administration is **GRANTED** and plaintiffs' cross-motion for summary judgment regarding vaccine type and date of administration is **DENIED.**

**IT IS SO ORDERED.**

Date:   March 25, 2011

Norman A. Mordue
Chief United States District Court Judge

24